**IN THE UNITED STATES DISTRICT COURT**
  **FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. – JFM-06-0309 |
| v. | * | Civil No. – JFM-14-488 |
| | * | |
| MELVIN GILBERT | * | |
| | ****** | |

**MEMORANDUM**

Melvin Gilbert has filed a motion under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence. The motion will be denied.

None of the issues raised by Gilbert has merit.

First, this court did not abuse its discretion or prejudice Gilbert by admonishing his counsel in front of the jury. The trial atmosphere was tense and it was incumbent upon the court to control the courtroom. In the court's view, counsel for Gilbert had asked a question incorporating a statement that the court had previously ruled was not admissible. An admonishment was proper. In any event, Gilbert was not prejudiced in any way by the admonishment. The court clearly and unequivocally instructed the jury that admonishments of counsel are not unusual and should not be held against counsel or the defendant.

Second, this court remains of the view that the testimony Gilbert alleges was hearsay was not hearsay. In any event, the testimony was not inculpatory of Gilbert.

Third, this court properly concluded that the expert testimony proffered by Gilbert's counsel was not only untimely but also would have been of little use to the jury.

Fourth, Gilbert's counsel was not ineffective in failing to object to the testimony of medical examiners who had reviewed the autopsy results and the reports of the examining doctors.

Fifth, the Fourth Circuit has previously ruled that an anonymous jury under the particular circumstances of this case was appropriate. No useful purpose would have been served by instructing the jury on the reason for jury anonymity.

Sixth, this court ruled upon defendant's motion to suppress the wiretap evidence by way of a motion in limine.

Seventh, while Gilbert makes the conclusory allegation that this court ruled upon the validity of a wiretap that it had ordered and presided over, he has presented no evidence of that fact.

Finally, while Gilbert makes various conclusory allegations of "conflicts of interest" under which his counsel suffered, he has presented no evidence of any such conflict of interest.

A separate order denying Gilbert's motion is being entered herewith.


Date:   August 18, 2014         _/s/_____
                                J. Frederick Motz
                                United States District Judge